**In re GRAND JURY PROCEEDINGS.**

**No. 87–2001.**

United States Court of Appeals, First Circuit.

Submitted Dec. 12, 1987.

Decided Dec. 15, 1987.

Earle C. Cooley, Thomas G. Guiney and Cooley, Manion, Moore & Jones, Boston, Mass., on brief, for appellant.

Before CAMPBELL, Chief Judge, COFFIN and SELYA, Circuit Judges.

PER CURIAM.

After being granted immunity, appellant refused to testify before a grand jury investigating a purported theft and illegal distribution of Massachusetts civil service law enforcement entrance and promotional examinations. He was held in civil contempt and incarcerated. This court refused to stay his incarceration pending appeal. Appellant now appeals from the contempt conviction.

 Appellant's first argument is that in view of *McNally v. United States,* —— U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), where the Supreme Court concluded that the mail fraud statute, 18 U.S.C. § 1341, is limited in scope to the protection of property rights and does not extend to schemes solely to defraud citizens of their intangible right to good government, the law with respect to mail fraud is in disarray, his testimony may not be relevant to any mail fraud investigation, and all pro-

ceedings should be stayed until this court decides the appeals from the convictions which resulted from the first round of grand jury indictments. We disagree. Substantially for the reasons stated in Judge Young's July 22, 1987 opinion in *United States v. Doherty*, 675 F.Supp. 726, 730–31 (D.Mass.1987), we are not convinced that no viable mail fraud or other offense can possibly be stated. Furthermore, plaintiff's relevancy argument is without force. *See In re Maury Santiago*, 533 F.2d 727, 730 (1st Cir.1976) (grand jury witness appealing from contempt conviction "cannot challenge the authority of the grand jury on the theory that its investigation does not concern matters within the subject matter jurisdiction of the federal courts").

■ Second, appellant contends he need not testify because the immunity order does not protect him from possible loss of pension benefits. He states he has been a state court officer for a number of years. A state statute, Mass.G.L. ch. 32, § 10(2)(c), provides,

> Any member who is removed or discharged for violation of the law, rules and regulations applicable to his office or position, or any member whose removal or discharge was brought about by collusion or conspiracy, shall not be entitled to the termination retirement allowance provided for in this subdivision.

Appellant argues that, under the statute, forfeiture is not dependent upon conviction. Apparently, he fears that if he were to testify and if his testimony were to disclose violations of law, his testimony might be used against him to discharge him from his position and to take away retirement benefits. Because the immunity order does not affirmatively protect him against such potential pecuniary loss, he cannot be compelled to testify, he argues. We disagree.

The fifth amendment protects a person from being "compelled in any *criminal* case to be a witness against himself." U.S. Const. amend. V (emphasis added). This means a person cannot be forced to give testimony which may then be used against him to assess *criminal* liability. The fifth amendment, however, does not shield a person from every adverse social or economic consequence which may flow from testifying. *See, e.g., In re Daley*, 549 F.2d 469, 476 (7th Cir.) (fifth amendment does not forbid the introduction of immunized testimony in state bar disciplinary proceedings), *cert. denied*, 434 U.S. 829, 98 S.Ct. 110, 54 L.Ed.2d 89 (1977). Apparently, appellant's argument is that the loss of retirement benefits, even if it were to take place in a nominally civil context, would be tantamount to a criminal penalty and hence he would be entitled to fifth amendment protection. *See United States v. United States Coin & Currency*, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1970) (fifth amendment privilege may be invoked in a forfeiture proceeding which is civil in form, but criminal in nature).

The time to determine whether the loss of retirement benefits under Mass.G.L. ch. 32, § 10(2)(c) is tantamount to a criminal penalty is if and when the Commonwealth invokes the statute. At that point, appellant will be entitled to argue that the fifth amendment precludes the Commonwealth from using his immunized testimony against him, and, if he is correct, he will be protected. He may not now, however, either secure an advance determination of this matter or refuse to testify on the possibility that in the future the Commonwealth might seek to use his testimony.

■ Last, appellant asserts that violations of grand jury secrecy have occurred and that the order of civil contempt should be reversed in order to redress appellant for said leaks. If leaks have occurred, there is no basis, on the present record, for concluding the government is responsible, and, in any event, appellant has cited no authority for such a remedy.

The judgment of civil contempt is affirmed.