**In re John DOYLE, Appellant.**

**No. 88–1030.**

United States Court of Appeals,
First Circuit.

Feb. 17, 1988.

Richard J. Vita, Boston, Mass., for appellant.

Jonathan Chiel, Asst. U.S. Atty., with whom Frank L. McNamara, Jr., U.S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

## MEMORANDUM AND ORDER

Appellant pled guilty to drug offenses and received a three year sentence to be followed by a three year special parole term. After sentencing, defendant was granted immunity pursuant to 18 U.S.C. §§ 6002, 6003 and called before a grand jury to testify. He refused to testify and was held in contempt. He now appeals from the contempt order.

Appellant first raises a number of procedural objections to the immunity order stemming from the following.

In late February or early March 1987, Robert S. Mueller, III, applied to the Justice Department for approval to request an immunity order for appellant. Pursuant to former 28 U.S.C. § 546, 80 Stat. 618 (1966) which authorized "[t]he district court for a district in which the office of United States attorney [was] vacant [to] appoint a United States attorney to serve until the vacancy [was] filled," Mueller had been appointed United States Attorney on October 10, 1986. Mueller's request for immunity was approved by letter dated March 26, 1987. By that time, 28 U.S.C. § 546 had been amended so that the Attorney General, rather than the district court, had the power to fill vacancies in the office of United States attorney. On December 17, 1987, nine months after the Justice Department's approval of Mueller's immunity request, United States Attorney, Frank L. McNamara, Jr., applied to the district court for an immunity order and the order was granted.

Appellant argues that the immunity order is improper because (1) only a United States attorney appointed by the Attorney General may request authorization from the Department of Justice, (2) the United States attorney requesting the immunity order from the court was not the one who had requested permission from the Department of Justice, and (3) nine months elapsed between the two requests.

The relevant statute, 18 U.S.C. § 6003, provides as follows:

(a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this part.

(b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an order under subsection (a) of this section when in his judgment—

(1) the testimony or other information from such individual may be necessary to the public interest; and

(2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

■ Appellant argues that the immunity order is invalid because the late February or early March 1987 request to the Department of Justice under 18 U.S.C. § 6003(b) was not made by a properly appointed United States attorney. Because, effective November 10, 1986, 28 U.S.C. § 546 had been amended so that the Attorney General was the one to fill vacancies in the office of United States attorney, appellant seems to think that after November 10, 1986 only a United States attorney appointed by the Attorney General could properly make an immunity request. Appellant is wrong. At the time § 546 was amended, Mueller had already been duly appointed by the district court. There is nothing in § 546 which would retroactively invalidate his appointment or render amended § 546 applicable to his situation.

■ Nor is there any merit in appellant's two other procedural challenges to the immunity order. Nothing in § 6003 requires

that the United States attorney who requests authorization from the Department of Justice be the one to request an immunity order from the court and nothing provides a limit on the amount of time which may elapse between the two requests. Appellant argues that the circumstances which led the Justice Department to approve an immunity request may change materially in nine months and hence we should exercise our supervisory powers to impose promptness lest United States attorneys apply to courts for immunity orders after significant changes, which, if known to the Justice Department, might not have resulted in that department's authorization to seek an immunity order. We see no warrant for this court to assume such a supervisory role over what basically is a prosecutorial matter.

Next, appellant argues he cannot be compelled to testify because his testimony might be used against him to rescind parole or impose other criminal penalties or adverse consequences with respect to parole or his special parole term. The immunity granted appellant is coextensive with his fifth amendment protection. If in the future an attempt is made to use appellant's testimony against him in a way appellant feels violates the grant of immunity to him, then appellant may assert his privilege at that time. *See In re Grand Jury Proceedings*, 835 F.2d 375, 376 (1st Cir.1987) (time to raise fifth amendment claim is if and when immunized testimony is improperly used against appellant).

The government argues that appellant's appeal is wholly frivolous and hence damages should be awarded the government under Fed.R.App.P. 38 and 39. While the appeal is meritless, in view of the liberty interest at stake the government's request is denied.

The judgment of contempt is affirmed.